UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**PROGRESSIVE COUNTY MUTUAL
INSURANCE COMPANY,**

    Plaintiff,

v.                                                                          **No. 4:22-CV-00533-P**

**KEECHI TRANSPORT, LLC, ET AL.,**

    Defendants.

## MEMORAUNDUM OPINION & ORDER

Before the Court are Defendant Joseph Ulibarri's Motion to Dismiss for Lack of Personal Jurisdiction, and Defendant Scott Atkinson's Motion to Dismiss for Lack of Personal Jurisdiction. ECF Nos. 20, 30. Having reviewed this case, the Court finds the Fort Worth Division is an improper venue. *See* ECF No. 20, 30. Therefore, the Court finds it appropriate to transfer this case to the Middle District of Florida. For these reasons, the above-styled case is **TRANSFERRED** to the Middle District Florida.

## FACTUAL & PROCEDURAL BACKGROUND

This insurance dispute arises out of fatal trucking accident in New Mexico. The two individuals driving a semi-truck—including Travis Ruiz Pizzaro and Jorge Felix Martinez Sanchez ("Decedents")—died in the accident. Pizzaro and Sanchez were managing members and directors of CFT Transport, LLC ("CFT")—a Florida business. Before the accident, CFT transport executed an independent contractor and equipment lease agreement with Keechi Transport, LLC ("Kechi")—a Texas business. The agreement states in relevant portions:

- "THIS AGREEMENT made and executed on 11/15/2021 at Miami, Florida." ECF No. 25-1 at Exhibit 1.

- "The parties to this agreement intend that the relationship between them created by this agreement is that of a carrier and an independent contractor and not that of an employer and employee. No agent, employee or servant of the Contractor shall be or shall be deemed to be the employee, agent or servant of the Carrier." *Id.*
- "None of the benefits provided by the Carrier to its employees, including, but not limited to, compensation insurance and unemployment insurance are available from the Carrier to the contractor, or to the employees." *Id.*
- "This agreement shall be construed and enforced in accordance with the laws of the state of Florida." *Id.*

Outside of this contract, Decedents had little to no contact with Texas beyond communications with Keechi. *See* ECF No. 25 at 2–5.

After forming the contract, Decedents were driving a leased Keechi vehicle registered in Florida from New Mexico to Tennessee when they were involved in a fatal accident. ECF No. 1 at 2. Plaintiff then sued seeking a declaratory judgment related to the insurance policy related to the accident. *See* ECF No. 1. In response, Defendant Joseph Ulibarri and Scott Atkinson—representatives of Decedents Piarro—moved to dismiss for lack of personal jurisdiction. ECF Nos. 20, 30.

## LEGAL STANDARD

### A. Federal Rule of Procedure 12(b)(2)

After personal jurisdiction has been raised, the "party seeking jurisdiction bears the burden of proof but must only present a prima facie case." *Jones v. Artists Rts. Enf't Corp.*, 789 F. App'x 423, 425 (5th Cir. 2019). In determining whether a plaintiff met its burden, a district court must "accept the plaintiff's uncontroverted allegations as true and resolve all conflicts of jurisdictional facts contained in the parties' affidavits and other documentation in the plaintiff's favor." *Id.*

## ANALYSIS

While physical presence or residency are not required, defendants must have "certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial

justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The necessary minimum contacts must arise out of a defendant's contacts with the forum state and not contacts that he imputes through others. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

## A. Specific Jurisdiction

The Court has no basis for asserting specific jurisdiction over Defendants as none of the Decedents' contacts with Keechi give rise to purposeful availment and the cause of action does not arise out of any contact with the forum state.

Plaintiff contends that personal jurisdiction over Defendants arises from the independent contractor and equipment lease agreement executed between CFT Transport and Keechi in Miami, Florida. ECF No. 25 at 4. Plaintiff further contends that Keechi controlled Decedents' actions from inside Texas and decedent transmitted human resource and staffing information to Texas. *Id.* at 4–5. But outside of this narrow contractual relationship, Plaintiff provides little evidence showing any connection with Texas beyond a contract executed in Florida—with a Florida choice-of-law clause that actively distances CFI as independent contractors from Keechi. *Id.*

The contract and the use of Keechi's equipment fails to create specific jurisdiction for two reasons. *First*, the mere existence of a contractual relationship between an independent contractor and a carrier does not impute minimum contacts absent other factors. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996); *Magnolia Gas Co. v. Knight Equip. & Mfg. Corp.*, 994 S.W.2d 684, 691–92 (Tex. App.—San Antonio 1998). The required analysis must "look [sic] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Put simply, "the plaintiff cannot be the only link between the defendant and the forum.  Rather, it is the defendant's

3

conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.*

*Second*, courts also recognize that "an employee's contacts with the forum are not to be judged according to his employer's contacts." *See Obermeyer v. Gilliland*, 873 F. Supp. 153, 157 (C.D. Ill. 1995) (citing *Calder v. Jones*, 465 U.S. 783, 790(1984)); *Young v. Sullwold*, 2000 U.S. Dist. 2000 WL 1448816, at \*2 (E.D. Penn. Sept. 28, 2000) ("Personal jurisdiction over an employee does not automatically follow from jurisdiction over his corporate employer.") (citing *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 n.13 (1983)). This rule logically extends with more force to independent contractors who are substantially less connected and protected by their employers.

In defense of the few contacts alleged, Plaintiff cites a district court opinion as holding that the mere leasing of a truck from a Texas carrier is enough to establish minimum contacts of a lessor. *See Big Red Freight Systems, Inc. v. Laney et al.*, WL 10316657 (E.D. Tex. 2020). But *Big Red* is easily distinguishable from this case. In *Big Red*, the lease agreement was executed in Texas and the agreement contained a Texas choice of law and forum clause. *Id.* On top of availing themselves to the law of Texas, the defendants in *Big Red* were trained, background checked, and drug tested in Texas before picking up their truck from the company headquarters. *Id.* Further, a second defendant—who did not sign the contract—despite going through the same approval process and picking up the equipment, lacked sufficient minimum contacts and was dismissed from the case. *Id.* at 14–15.

Here, the contract was executed in Florida and contains a Florida choice of law clause. ECF No. 25-1 at Exhibit 1. Decedent also did not sign the Florida contract. *Id.* Beyond this, Decedents received no training in Texas, and the truck leased to CFT was registered in Florida. ECF No. 25-1. Further, in Plaintiff's discovery responses, trip dispatches and human resource's function were also outsourced to a company in Florida. ECF No. 27-1 at 1–3. Aside from the Florida-based contract and loose business relationship, Plaintiff alleges no other contacts with Texas. *See* ECF No. 25.

Accepting Plaintiffs asserted facts as true, this Court lacks specific jurisdiction over Defendants.

## B. General Jurisdiction

General jurisdiction exists when a defendant's contacts are so continuous and systematic to render them essentially at home in the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). Plaintiff does not allege that this Court has general jurisdiction over Defendants. *See* ECF No. 25. In any event, the Court—to be safe—notes that Plaintiff's alleged facts do not give rise to a continuous and systematic contact with Texas and are tangentially related to their relationship with Keechi.

Thus, general jurisdiction is not present, and the Court finds that Plaintiff has failed to make a prima facie case that Decedents had sufficient minimum contacts with Texas.

## C. Plaintiff's Request for Jurisdictional Discovery

Plaintiff claims that they have made enough of a showing to allow for jurisdictional discovery on Decedent's contacts with Texas. *See Fielding v. Hubert, Buda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). But when a plaintiff has not made even a preliminary showing of jurisdiction, discovery is not warranted. *Id.* at 429. As shown above, Plaintiffs have made no showing of minimum contacts beyond the imputed business relationship and the Florida contract.

Thus, jurisdictional discovery is not warranted.

## D. Transfer of Venue

Federal venue rules state that "a district court may transfer any civil action to any other district or division where it might have been brought" "for the convenience of parties and witnesses [or] in the interest of justice. . . ." 28 U.S.C.A. § 1404(a). Decisions to transfer venue are "committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion." *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir.1988).

In determining whether transferring a civil action under § 1404, courts consider both private and public factors in deciding whether

convenience or justice warrant transferring the action to that district. See 28 U.S.C. § 1404; see also *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *In re Volkswagen of America, Inc.*, 545 F.3d at 315. The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law."

A plaintiff's original choice of forum is entitled to some deference, which dictates that the moving party must show "that the transferee venue is clearly more convenient." *Id.* But, while a plaintiff's choice of forum "should be respected" unless "the transferee venue is clearly more convenient," plaintiff's "choice of forum ... is not an independent factor within ... the § 1404(a) analysis." *Id.* at 314 n.10, 315. Rather, "a plaintiff's choice of venue is to be treated as a burden of proof question." *Id.* at 314 n.10 (internal quotations omitted).

Due to the lack of personal jurisdiction over the Decedents, the Court finds that the Middle District of Florida is a more appropriate venue for the action as both Decedents were domiciled in Florida and the contract giving rise to the relationship between Keechi and the insurance dispute was formed in Florida. Plaintiff has further requested the Middle District of Florida as an alternative venue. Rather than dismissing Defendants, the Court finds that a transfer of venue is appropriate, considering the convenience of parties and the interest of justice. ECF No. 25 at 7.

The Court thus analyzes the private and public factors.

1. <u>Private Interest Factors</u>

As Plaintiff has stated, "this is a relatively straight forward insurance question on the merits and plaintiff does not expect or anticipate protracted or expensive discovery." ECF No. 25 at 6. The sources of proof necessary to resolve the case are easily accessible in Florida. The first private factor therefore favors transfer. Again, this insurance dispute is relatively straight forward and does not require witnesses or evidence related to the actual accident in New Mexico. As this is a straightforward insurance dispute, the second factor favors transfer. The availability of witnesses is no less burdensome in Florida rather than in Texas, and Plaintiff has further requested Florida as an alternative venue. The third private factor favors transfer. Finally, the fourth factor presents no issue as insurance disputes are often brought in federal court and this dispute presents no strange choice of law issues.

2.  Public Interest Factors

The Northern District of Texas Fort Worth Division is a notoriously busy Court. *See Sellman v. Aviation Training Consultants, LLC*, No. 4:21-CV-1061-P, 2022 WL 1321554, at *3 (N.D. Tex. May 3, 2022). Texas has little to no localized interest, and even if it did, this Court lacks personal jurisdiction over Defendants. Florida is well situated to handle this insurance dispute, and no conflict of law exists.

Thus, both the private and public interest factors favor transfer.

## CONCLUSION

Having reviewed this case, the Court finds the Fort Worth Division is an improper venue for this case and finds it appropriate to sua sponte transfer this case to Middle District of Florida. Thus, the above-styled case is hereby **TRANSFERRED** to the Middle District of Florida.

The Court further **DENIES** Defendants' Motions to Dismiss (ECF Nos. 20, 30) as moot without prejudice of refiling with the new venue.

**SO ORDERED** on this **21st day of November 2022**.

_Mark T. Pittman_
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE